UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN JAMES McCAIN, | ) |
| Petitioner, | ) ) ) |
| v. | )  NO. 3:15-cv-0807 |
| | )  JUDGE CRENSHAW |
| DAVID A. SEXTON, Warden, | ) |
| Respondent. | ) ) |

# **M E M O R A N D U M**

Petitioner is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. Through counsel, he brings this action pursuant to 28 U.S.C. § 2254 against David Sexton, Warden of the facility, seeking a writ of habeas corpus.

## I. Background

On September 15, 1999, a jury in Davidson County found the Petitioner guilty of premeditated first degree murder (2 counts). Doc. No. 8-1 at pg. 77. For these crimes, he received two consecutive sentences of life imprisonment. *Id.* at pg. 82.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Doc. No. 8-14. The Tennessee Supreme Court then denied Petitioner's application for further review as untimely. Doc. No. 8-17.

In May, 2003, the Petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Doc. No. 8-18 at pgs. 8-28. Following a series of attorneys, amendments of the petition and an evidentiary hearing, the trial court denied the post-conviction petition. *Id.* at pgs. 107-120.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Doc. No. 8-23. Once again, the Tennessee Supreme Court rejected the Petitioner's application for additional review. Doc. No. 8-25.

## II. Procedural History

On July 22, 2015, the Petitioner filed the instant petition (Doc. No. 1) for federal habeas corpus relief. The petition contains ten claims for relief. These claims include:

> 1) the prosecution withheld material police reports that contained exculpatory evidence;
>
> 2) Petitioner was denied the effective assistance of counsel when his attorneys
>    a) failed to interview material witnesses;
>    b) advised him "to testify he was a drug dealer, on parole, who did not render aid to one of the victims because the Petitioner did not want to return to prison"; and
>    c) failed to argue that information contained in the autopsy report was inconsistent with the facts as put forth by the prosecution;[1]
>
> 3) it was error to deny Petitioner's motion to suppress out-of-court identifications made during an unconstitutional photographic lineup procedure;
>
> 4) it was error not to suppress Petitioner's statements to the police;
>
> 5) it was error to allow the recorded statement of a defense witness, Chad Collins;
>
> 6) it was error to deny the Petitioner's motion for a mistrial after the prosecutor made an improper argument to the jury;
>
> 7) the evidence was insufficient to sustain the convictions; and
>
> 8) the Petitioner is actually innocent of the crimes.

---

[1] At trial, the Petitioner was represented by Dwight E. Scott, Karl Dean, Wendy Tucker and Jodie Bell.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the Petitioner had stated a colorable claim for relief. Accordingly, an order (Doc. No. 4) was entered directing the Respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is Respondent's Motion to Dismiss (Doc. No. 9), to which the Petitioner has filed a Reply (Doc. No.16). Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In the Motion to Dismiss, the Respondent asserts that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2]

Petitioner was found guilty on September 15, 1999. Doc. No. 8-1 at pg. 77. The direct appeal of Petitioner's convictions was concluded on July 22, 2002, the last day for timely seeking further review from the Tennessee Supreme Court.[3] Gonzalez v. Thaler, 132 S.Ct. 641, 653-54

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[3] State rules of appellate procedure gave the Petitioner sixty (60) days from the date that the Tennessee Court of Criminal Appeals ruled on his direct appeal in which to file a Rule 11 application for discretionary review from the Tennessee Supreme Court. The sixty days ended on

3

(2012)(a judgment becomes final when the time for seeking discretionary review in the state's highest court has expired).[4] Therefore, the Petitioner had one year from that date, or until July 22, 2003, in which to initiate the instant action.

After two hundred ninety one (291) days had elapsed, the Petitioner filed a *pro se* petition for state post-conviction relief.[5] The filing of that petition had the effect of tolling the one year limitation period for as long as Petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On December 19, 2014, the Tennessee Supreme Court rejected the Petitioner's application for further review of his post-conviction petition, Doc. No. 8-25, thus concluding the Petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation

---

July 21, 2002. This date, however, was a Sunday and, by rule, allowed the Petitioner until July 22, 2002 in which to apply for further review. Rule 21(a), Tenn. R. App. P.

[4] As noted above, the Petitioner did file a Rule 11 application for discretionary review in the Tennessee Supreme Court. This application, however, was denied as untimely. Doc. No. 8-17. In his Reply, the Petitioner contends that the Tennessee Supreme Court denied his application in error. Doc. No. 16 at pg. 2. Nevertheless, "we have repeatedly held that a state court's interpretation of state law..... binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Thus, the Petitioner's Rule 11 application is not determinative as to when Petitioner's convictions became final.

[5] The file stamp on the post-conviction petition is illegible. Doc. No. 8-18 at pg. 8. In his Reply, the Petitioner asserts that the filing date for the post-conviction petition was May 9, 2003, the date he signed the petition. *Id.* at pg. 14. In the order denying post-conviction relief and the instant habeas petition, however, the filing date of the petition has been set as May 20, 2003. *Id.* at pg. 107; Doc. No. 1 at pg. 17. Giving the Petitioner the benefit of the doubt, the Court shall adopt May 9, 2003 as the appropriate filing date. The 291 days are calculated as follows : 09 days (7/23/02 - 7/31/02) + 31 days (8/1/02 - 8/31/02) + 30 days (9/1/02 - 9/30/02) + 31 days (10/1/02 - 10/31/02) + 30 days (11/1/02 - 11/30/02) + 31 days (12/1/02 - 12/31/02) + 31 days (1/01/03 - 01/31/03) + 28 days (2/01/03 - 02/28/03) + 31 days (3/01/03 - 03/31/03) + 30 days (4/01/03 - 04/30/03) + 09 days (5/01/03 - 05/09/03) = 291 days.

period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended two hundred ninety one (291) days of the limitation period, the Petitioner was left with seventy four days (365 - 291 = 74), or until March 3, 2015, in which to initiate the instant action.[6]

The habeas corpus petition (Doc. No. 1) initiating this action was filed on July 22, 2015, more than four months after the limitation period had expired. As a consequence, this action is untimely.[7]

## IV. Equitable Tolling of the Limitation Period

Nevertheless, the limitation period does not act as a jurisdictional bar. Holland v. Florida, 560 U.S. 631, 649 (2010). Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, though, should be applied sparingly. Solomon v. United States, 467 F.3d 928, 933 (6th Cir.2006).

The Petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the Petitioner must establish: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way and prevented timely filing. Pace v. DiGuglielmo,

---

[6] The 74 days are computed as follows: 12 days (12/20/14 - 12/31/14) + 31 days (1/01/15 - 1/31/15) + 28 days (2/01/15 - 2/28/15) + 03 days (3/01/15 - 3/03/15) = 74 days.

[7] In his petition, the Petitioner acknowledges that the petition is untimely. *See* Docket Entry No. 1 at pgs. 16 - 17.

544 U.S. 408, 418 (2005).

In this regard, the Petitioner asserts in his petition that an equitable tolling of the limitation period should apply because he was misinformed by post-conviction appellate counsel (David Collins) as to when to file his habeas corpus petition. Doc. No. 1 at pg. 17. In support of this assertion, the Petitioner has provided an Affidavit from counsel which states in relevant part:

> I advised Mr. McCain that I thought he had one year from the Court of Criminal Appeals decision to file his habeas corpus petition in federal court. I was not sure of the running of the statute of limitation because I do not practice in federal court. I recall stating to Mr. McCain, "you might ought to double check that time limit because I don't practice in federal court."

Doc. No. 1-2 at pg. 2.

From the Affidavit, it is clear that counsel correctly informed the Petitioner that there was a one year limitation period and that he was not exactly sure when it started to run. Had the Petitioner been diligent, he would have ascertained the exact date when the limitation period began and when it would expire. Obviously, he failed to do so. Therefore, equitable tolling of the limitation period would not be appropriate based upon the argument that post-conviction appellate counsel had misinformed the Petitioner.

The Court notes that the Petitioner has raised a claim of actual innocence (Claim No. 10). The Supreme Court has held that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the untimeliness of the habeas corpus petition. McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). In order to invoke actual innocence as a means to excuse the untimely filing of a habeas corpus petition, though, the Petitioner must provide evidence showing that it is more likely than not that no reasonable juror would have convicted him. *Id.* at 133 S.Ct. 1935. He does this by supporting "his allegations of constitutional

error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

As a basis for his claim of actual innocence, the Petitioner argues that the forensic evidence from the autopsy of the victim (Reginald Conwell) proves that he could not have fired the fatal shots. Doc. No. 1 at pg. 15. The Petitioner acknowledges, however, that the forensic evidence from the autopsy shows that the victim received gunshots wounds from someone standing in front of him. Further, the State's only eyewitness testified that the Petitioner was standing in front of the victim when he fired shots at him. *Id.* This evidence was heard by the jury and is not "critical physical evidence - that was not presented at trial". The Petitioner has failed to provide evidence showing that it is more likely than not that no reasonable juror would have convicted him. As a consequence, the Court finds that the Petitioner has failed to make a showing of actual innocence sufficient to overcome the untimeliness of his petition.

## V. Conclusion

From the record, it is clear that this action is time-barred. The Petitioner has failed to make a showing of entitlement to equitable tolling sufficient to excuse the late filing of this action. Accordingly, the Court finds merit in the respondent's Motion to Dismiss and said Motion will be granted.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE